```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

MATTHEW LLOYD PRYCE,            )
                                )
       Petitioner,              )
                                )
       v.                       )   C.A. No. 19-11978-PBS
                                )
STEVE SOUZA,                    )
                                )
       Respondent.              )
                                )
```

**ORDER**

**September 18, 2019**

Saris, C.J.

Immigration detainee Matthew Floyd Pryce, who is confined at the C. Carlos Carreiro Immigration Detention Center at the Bristol County House of Correction ("BCHC"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He names as respondents BCHC Superintendent Steve Souza, Bristol County Sheriff Thomas M. Hodgson, and Marcos Charles, the Acting Director of the Boston Field Office of Immigration and Customs Enforcement's Enforcement and Removal Operation.

Accordingly, this Court hereby orders that:

1. Superintendent Souza shall be the sole respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same, as

applied to immigration detainee). The other respondents shall be dismissed as parties to this action.

2. The Clerk of this Court shall serve a copy of the Petition upon Superintendent Souza and the United States Attorney for the District of Massachusetts.

3. Respondent shall, <u>no later Wednesday, October 9, 2019</u>, file a motion for the grant or denial of the petition and a memorandum in support thereof.

4. To give the Court time to consider the matter, unless otherwise ordered by the Court, Petitioner shall not be moved outside the District of Massachusetts without providing the Court 48 hours' advance notice of the move and the reason therefor. Any such 48-hour notice period shall commence at the date and time such notice is filed and expire 48 hours later, except "[i]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

SO ORDERED.

    /s/ Patti B. Saris
    PATTI B. SARIS
    CHIEF, U.S. DISTRICT JUDGE